**Kartar SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73111.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Dec. 14, 2004.

Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Office of Immigration Litigation, Department of Justice, Washington, DC, for Respondent.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Kartar Singh, a native and citizen of India, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). The BIA's order affirmed an Immigration Judge's (IJ) denial of Singh's requests for asylum, withholding of removal, and Convention Against Torture relief. We grant the petition and remand for further proceedings.

## DISCUSSION

In support of his applications for relief from removal, Singh testified he is a baptized Sikh from the Punjab who was persecuted for his involvement in the Akali Dal Mann political party. He described his

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

political activities and two incidents when he was arrested and tortured by police. He asserts his family's home was raided and his father was warned that if Singh did not turn himself over to authorities, the police would kill Singh in a "fake encounter."

The IJ determined Singh's "testimony was for the most part consistent" but nonetheless "implausible" for several reasons. Our task is to "address each reason in turn" to determine whether "separately or in combination" such explanations are "specific and cogent" and "supported by substantial evidence." *Kaur v. Ashcroft*, 379 F.3d 876, 885 (9th Cir.2004) (internal quotation omitted). Applying these standards, we conclude the IJ erred by rejecting Singh's testimony as implausible.

■ First, the IJ questioned why Singh waited until 1998 to become politically involved, "well after most of the violence in the Punjab had subsided." Singh explained at length, however, why he waited. He stated he elected to concentrate on his education rather than politics and that after college, he returned home to care for his sick father and to work on the family farm. There was no evidence to the contrary and the IJ's adverse credibility finding is impermissible "speculation and conjecture." *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004) (internal quotation omitted).

■ Second, the IJ opined that Singh's submission of documents verifying his political activities in India "strains credulity" because Singh testified his father sent the documents unsolicited. Given the father's prior involvement (arranging for Singh's release twice from jail by paying bribes), however, it is not unreasonable that he might again attempt to aid his son by forwarding documents supporting Singh's claim of political persecution. Moreover, whether Singh requested the documents or his father sent them unsolicited is not directly relevant to Singh's request for asylum. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (noting IJ's adverse credibility finding "cannot be peripheral, but rather must go to the heart of petitioner's claim").

■ Third, the IJ noted Singh used falsified documents to leave India and reasoned that "[i]f the alien would commit fraud in order to get to the United States, . . . he [would] commit fraud in order to stay here." We have previously rejected that reasoning as a basis for an adverse credibility finding. *See Kaur*, 379 F.3d at 889 ("[T]he fact that an asylum seeker has lied to immigration officers or used false passports to enter this or another country . . . is not a proper basis for finding her not credible.").

■ Finally, the IJ cited a report by the United States Government indicating "there is considerable fraud" by Sikh applicants for asylum and withholding of removal. While an IJ may consider such a report "in evaluating a petitioner's credibility," it may not be used "to discredit specific testimony regarding [petitioner's] individual experiences." *Zheng v. Ashcroft*, 382 F.3d 993, 997 (9th Cir.2004) (internal quotation omitted). Rather, the IJ must make an "individualized analysis of an applicant's credibility." *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000).

We conclude the IJ's adverse credibility findings, individually and collectively, are not specific and cogent or supported by substantial evidence. Rather, they are based on impermissible speculation and conjecture or are not material or relevant to Singh's claim. *See Kaur*, 379 F.3d at 884. Without these adverse credibility determinations, Singh established that he suffered persecution and is therefore presumptively eligibility for relief. *See Singh*

v. *Ashcroft,* 362 F.3d 1164, 1170 (9th Cir. 2004) (noting if petitioner "was actually subjected to beatings and torture, . . . he is presumptively eligible for asylum and an exercise of discretion by the Attorney General").

The IJ also rejected Singh's claims because there was no corroborating evidence. The IJ reasoned that corroborating evidence is necessary when an applicant "tells a story which although consistent is implausible." According to the IJ, Singh should have submitted declarations from "individuals who have direct knowledge of [Singh's] predicament in India." We disagree. First, Singh had no notice of the IJ's demand for corroborating evidence. *See Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000) (noting petitioner must be given the opportunity at the hearing to explain why corroborating materials are not available). Second, "the type of corroboration that the IJ thought necessary—affidavits or letters from friends and neighbors in India—was inappropriate" because they are "almost never easily available." *Kaur,* 379 F.3d at 890. Finally, because we reject the IJ's adverse credibility determination, Singh's testimony is deemed credible and no corroborating evidence is required. *See Shire v. Ashcroft,* 388 F.3d 1288, 1298 (9th Cir.2004).

Remand is required. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203–04 (9th Cir.2004) ("Where an appellate court has held that an . . . adverse credibility finding is not supported by substantial evidence . . . the proper procedure is to remand the case to the BIA for further consideration and investigation in light of the ruling that the petitioner is credible.").

Petition for review GRANTED; REMANDED for further proceedings.